IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

BETCO CORPORATION, LTD.,

|  |  |  |
|---|---|---|
| | Plaintiff, | OPINION AND ORDER |
| v. | | 14-cv-193-wmc |

MALCOLM D. PEACOCK, MARILYN
PEACOCK, B. HOLDINGS, INC. and
E. HOLDINGS, LLC,

                    Defendants.

_____

This civil action arises out of defendants' 2010 sale of assets to plaintiff Betco Corporation, Ltd. Alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) to decide this case, Betco brings claims against defendants for breach of contract, fraud, negligent misrepresentation and breach of the duty of good faith and fair dealing. (*See* 2d Am. Compl. (dkt. #34).) Betco seeks damages and to rescind the contract between the parties. Because the allegations in the complaint are insufficient to determine if diversity jurisdiction exists, Betco will be given an opportunity to file an amended complaint containing the necessary factual allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be

dismissed for want of jurisdiction.  *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009).   Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present.  *Smart*, 562 F.3d at 802-03.

Here, plaintiff contends that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse.  (2d Am. Compl. (dkt. #34) ¶ 6.)  For the latter to be true, however, there must be *complete* diversity, meaning plaintiff cannot be a citizen of the same state as *any* defendant.   *Smart*, 562 F.3d at 803. Unfortunately, plaintiff's allegations as to defendants E. Holdings, LLC and Malcolm and Marilyn Peacock prevent this court from determining their citizenship.

With respect to E. Holdings, "[t]he citizenship of an LLC is the citizenship of each of its members," yet plaintiff has not alleged the citizenship of defendant E. Holdings, LLC's members, making it impossible to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Instead, plaintiff alleges defendant is "an Illinois limited-liability company, formerly known as Enviro-Zyme International, LLC ("EZI"), which has its principal place of business in Illinois." (2d Am. Compl. (dkt. #34) ¶ 5.)   However, this information is wholly irrelevant in deciding the citizenship of a limited liability company.  *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

2

Furthermore, with respect to individual defendants Malcolm and Marilyn Peacock, plaintiff has alleged only that they are "married individuals residing in Illinois." (2d Am. Compl. (dkt. #34) ¶ 3.)  "But residence may or may not demonstrate citizenship, which depends on domicile – that is to say, the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).  "An allegation of 'residence' is therefore deficient." *Id.*

Before dismissing this action for lack of subject matter jurisdiction, Betco will be given leave to file within 14 days an amended complaint that establishes subject matter jurisdiction by alleging the names and citizenship of each member of the defendant LLC and the state(s) of domicile of Malcolm and Marilyn Peacock.  In alleging the LLC's citizenship, plaintiff should be aware that if any member of the LLC is itself a limited liability company, partnership, or similar entity, then the citizenship of *its* members and partners must also be alleged as well.  *See Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.").

ORDER

IT IS ORDERED that:

1) plaintiff shall have until August 5, 2014, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

3

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 22nd day of July, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge